IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-03281-MEH-CBS

KALTHUN OSMAN,

    Plaintiff,

v.

BIMBO BAKERIES USA, INC.,

    Defendant.

---

**ORDER ON MOTION TO ALTER OR AMEND SUMMARY JUDGMENT ORDER
REGARDING RETALIATION CLAIM**

---

**Michael E. Hegarty, United States Magistrate Judge**.

Before the Court is Plaintiff's Motion to Alter or Amend Summary Judgment Order Regarding Retaliation Claim ("Motion") [filed January 26, 2016; docket #41]. The Court has determined no further briefing is required and rules on the Motion without response from Defendant, pursuant to D.C. Colo. LCivR 7.1(d).[1] Based on the record herein and for the reasons that follow, the Motion is **denied**.[2]

Plaintiff takes issue with the Court's Order granting summary judgment for Defendant on Plaintiff's retaliation claim. *See* Order on Motion for Summary Judgment, docket #38. Specifically,

---

[1] Plaintiff failed to confer with Defendant on this Motion, which would be grounds alone for the Court to deny the Motion without prejudice pursuant to D.C. Colo. LCivR 7.1(a).

[2] Pursuant to 28 U.S.C. § 636(c) and the Pilot Program to Implement the Direct Assignment of Civil Cases to Full Time Magistrate Judges, the parties consented to the jurisdiction of this Court to conduct all proceedings in this civil action. Docket #12.

Plaintiff argues the Court's Order improperly raised an issue *sua sponte* regarding the sufficiency of the scope of the second retaliation charge she filed with the Equal Employment Opportunity Commission ("EEOC") and, thus, Plaintiff should be given the chance to respond with an affidavit and other evidence to save the retaliation claim in this case. *See generally* Motion, docket #41. The Order's language with which Plaintiff takes issue is as follows:

> Because Plaintiff's counsel did not submit an affidavit providing the Court with sworn details about the nature of the alleged retaliatory acts, and because neither party submitted Plaintiff's full deposition transcript, which may have included more details, the Court is left to garner facts about the purported retaliation only from the second EEOC charge itself. On its own, that document does not provide information to indicate that the actions were adverse. There is no who, what, when, where and why to the allegations. Merely stating in a conclusory manner that Plaintiff was retaliated against in that she was assigned to physically demanding positions, placed on premature medical leave, assigned to undesirable shifts and positions, and transferred to a different position is simply not enough specificity to show adverse actions – those that "might well have dissuaded a reasonable worker from making or supporting a charge of discrimination" per *Burlington*.

Order, docket #38 at 24.

The Court apologizes to counsel for any confusion this language may have caused, but here clarifies why it appropriately dismissed Plaintiff's retaliation claim. Plaintiff's Motion argues that the Court should allow the retaliation claim to proceed because the issue on which the Court relied, the sufficiency or scope of the retaliation charge, was not mentioned in Defendant's Motion for Summary Judgment. *See* Motion, docket #41 at 2. However, this suggestion incorrectly characterizes the Court's analysis. The Court did not *sua sponte* raise the issue of the insufficiency of the EEOC charge. Rather, the Court discussed a more central issue addressed thoroughly by Defendant's Motion for Summary Judgment: whether there was sufficient evidence to demonstrate any genuine issues of material fact as to whether the actions were adverse under Title VII. Because Plaintiff failed to provide evidence to give the Court the details needed to establish such a showing,

2

the Court scoured the record in search of any such evidence and found only that in the EEOC charge, which provided conclusory statements lacking specificity. For example, Plaintiff provided no details as to how the assigned positions were physically demanding or what positions they were, how premature the maternity leave was and how that affected her, what shifts she was assigned to when and why those were undesirable, and so on. The Court based its decision on the entire record available to it.

Plaintiff now attempts with the current Motion to file an affidavit to remedy the lack of evidence in the Amended Complaint and in the Response to Defendant's Motion for Summary Judgment; however, this is inappropriate at this stage of the litigation. Plaintiff acknowledges she brings her Motion pursuant to Fed. R. Civ. P. 59(e) [Motion, docket #41 at 1], which the Tenth Circuit has held only applies in extremely limited circumstances:

> Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice. Thus, a motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law. It is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing.

*Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (citations omitted). Plaintiff offers nothing to suggest that any of these factors are implicated in this case. In fact, Plaintiff now merely provides evidence – including Plaintiff's diary entries, a grievance form completed by Plaintiff, and Plaintiff's affidavit – with no attempt to claim these were previously unavailable or to explain why she brings forth additional facts at this late date. As the Tenth Circuit has stated clearly:

> [A] motion for reconsideration [] is an inappropriate vehicle to reargue an issue previously addressed by the court when the motion merely advances new arguments, or supporting facts which were available at the time of the original motion. Absent

> extraordinary circumstances, [] the basis for the second motion must not have been available at the time the first motion was filed. [] Thus, a motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law. It is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing.

*Servants of Paraclete*, 204 F.3d at 1012 (internal citations and case-specific facts omitted).

Accordingly, Plaintiff's Motion to Alter or Amend Summary Judgment Order Regarding Retaliation Claim ("Motion") [filed January 26, 2016; docket #41] is **denied**.

Entered and dated at Denver, Colorado, this 27th day of January, 2016.

BY THE COURT:

*/s/ Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge