IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-03281-MEH

KALTHUN OSMAN,

    Plaintiff,

v.

BIMBO BAKERIES USA, INC.,

    Defendant.

---

**ORDER ON DEFENDANT'S MOTION IN LIMINE**

---

**Michael E. Hegarty, United States Magistrate Judge**.

    Before me is Defendant's Motion in Limine [filed January 19, 2016; docket #39]. The motion is briefed, and I presided over oral argument on January 28, 2016. Based on the record before me, the Motion is **granted in part** and **denied in part**.[1]

    The issue here is not complex. Plaintiff exhausted her hostile work environment claim and, in so doing, stated that she was "subjected to a hostile work environment by my supervisor, Ken Brown, which consists of being yelled at; being cursed at; being bumped and shoved; being threatened with discharge; and being subjected to unequal terms and conditions of employment." Charge of Discrimination (Amended), dated April 29, 2013. In its Motion in Limine, Defendant requests that any evidence of adverse actions taken against the Plaintiff which are not of the same

---

[1] Pursuant to 28 U.S.C. § 636(c) and the Pilot Program to Implement the Direct Assignment of Civil Cases to Full Time Magistrate Judges, the parties consented to the jurisdiction of this Court to conduct all proceedings in this civil action. Docket #12.

quality as those she exhausted should be excluded from trial. In support of this, Defendant submitted a demonstrative exhibit at the oral argument which identifies conduct it believes Plaintiff may try to rely upon in her case in chief at trial (based on trial exhibits and deposition testimony). Defendant lists 29 discrete occurrences to which it objects (hereafter referred to as "Objectionable Evidence"). Plaintiff has submitted its position on each of these. Therefore, the Court believes it is most expeditious to base its ruling on these 29 occurrences which are located at Docket #44-1 in this case.

In a recent case, *Arabalo v. City of Denver*, No. 14-1259, -- F. App'x --, 2015 WL 5235740 (10th Cir. Sept. 9, 2015), the plaintiff asserted a hostile work environment claim against the defendant. In her administrative exhaustion, plaintiff did not state that a rape incident was part of the claim, but she introduced evidence of the rape at trial in support of the claim. The district court did not permit the jury to consider the rape as part of the hostile environment claim but limited the claim to those bases included in her charge of discrimination, because her failure to exhaust it had "kept the [government civil rights] agencies from considering the effect, if any, of the alleged rape." *Id.* at *6. The Tenth Circuit agreed, holding that "[a]s a condition precedent to suit, even if not a jurisdictional prerequisite, Arabalo was required to notify the CCRD and the EEOC of the alleged rape before she could later rely on it in support of her hostile-work-environment claim. *See* 42 U.S.C. § 2000e-5(b)." *Id.* "A plaintiff's claim in federal court is generally limited by the scope of the administrative investigation that can reasonably be expected to follow the charge o discrimination submitted to the EEOC." *Id*. (citations omitted). The plaintiff argued that her hostile environment claim was "holistic and consisted of one single claim." *Id.* at *8. However, turning to the practical implication, the Tenth Circuit noted that "we fail to see how an administrative

agency investigating Arabalo's hostile-work-environment claim would naturally stumble upon the unstated alleged rape at her home." *Id.*

Based on this and other binding Tenth Circuit precedent, the allowable evidence supporting Plaintiff's hostile work environment claim is that which she explicitly addressed in the charge of discrimination, along with other occurrences that are "within the scope of the administrative investigation that could reasonably be expected to follow from the allegations raised in the charge." *Green v. Donahoe*, 760 F.3d 1135, 1140 (10th Cir. 2014). This test would result in, for example, exclusion at trial of hostile acts by persons other than those identified in the charge. *See Martinez v. Southwest Cheese Co., LLC*, 618 F. App'x 349, 354 (10th Cir. 2015) (because plaintiff failed to exhaust administrative remedies regarding additional individuals who allegedly engaged in misconduct along with the named supervisor, plaintiff had failed to exhaust regarding these individuals) (citing *Jones v. Runyon*, 91 F.3d 1398, 1399 & n.1 (10th Cir. 1996)).

Turning to the Objectionable Evidence, Plaintiff has conceded items 1 (in part), 5, 16-18, 24, and 28-29, and the Motion in Limine is granted as to these. I believe any incident involving Brown would reasonably be investigated, so the Motion in Limine is denied as to items 1-4, 6-8, and 11-13. Items 9-10, 15, and 25-26 involve acts by different supervisors that supported Plaintiff's now-dismissed retaliation claim; I do not believe they satisfy the relevant test and, therefore, the Motion in Limine is granted as to them. Items 14, 21, 22, 23, and 27 involve discrete acts by supervisors other than Brown and, therefore, are excluded under *Green*. Items 19-20 are generalized allegations against the Defendant and not against a specific supervisor; the first deals with Plaintiff being trained on certain equipment while pregnant, which I do not believe is either of a quality addressed in the charge nor by the alleged harassing supervisor; the second deals with denying Plaintiff a

3

bathroom break when pregnant which reasonably could have expected to follow from the allegation that Plaintiff was "subjected to unequal terms and conditions of employment." Thus, the Motion in Limine is granted as to number 19 and denied as to number 20.

I expect counsel for the parties to steadfastly police this Order at trial. Based on my familiarity with counsel, I do not believe this will be a problem, but it is still necessary to note that appropriate sanctions will be imposed on any intentional violation of this Order. Moreover, it is not unlikely that there are additional facts and circumstances not specifically addressed in the Objectionable Evidence that may come up either in counsel's preparation for trial or at the actual trial of this matter. I will be guided by the principles in this Order and know counsel will be as well.

Accordingly, Defendant's Motion in Limine [filed January 19, 2016; docket #39] is **granted in part** and **denied in part** as stated herein. Additionally, in preparation for the upcoming Final Pretrial and Trial Preparation Conferences, parties are **ordered** to file **on or before Friday, February 5, 2016**, an amended final pretrial order and an amended joint exhibit list reflecting the decisions made in this Order. Finally, when amending the joint exhibit list, the Court requires parties to follow the instructions at the top of the joint exhibit list form, indicating that Plaintiff's exhibits are to be listed by number and Defendant's exhibits by letter.

Entered and dated at Denver, Colorado, this 3rd day of February, 2016.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge

4